UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTWONE DORNELL GOOLSBY, <br><br> Plaintiff, <br><br> v. <br><br> LIZA ROHRER, DAN PACHOLKE, BERNARD WARNER, <br><br> Defendants. | CASE NO. C14-5577 RBL-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: <br> FEBRUARY 27, 2015 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Currently before the Court is defendants' motion for summary judgment (Dkt. 17). Plaintiff did not file a response. Defendants argue that they are entitled to summary judgment based on lack of personal participation and because plaintiff fails to show actual injury (Dkt. 17,

REPORT AND RECOMMENDATION - 1

p. 7). The Court recommends granting defendants' motion because plaintiff does not show that any named defendant denied him access to courts.

## STANDARD OF REVIEW

In federal court, summary judgment is required pursuant to Fed. R. Civ. P. 56(a) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any material fact. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997). Once a party has moved for summary judgment Fed. R. Civ. P. 56(c) requires the nonmoving party to go beyond the pleadings and identify facts that show that a genuine issue for trial exists. *Celotex Corp. v Catrett*, 477 U.S. 317, 323-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Initially, if plaintiff moves for summary judgment, plaintiff has the burden of presenting admissible evidence to support each of these elements. *See Lujan v. Wildlife Fed.*, 497 U.S. 871, 888-89 (1990).

## FACTS

Defendants' assertions of fact are not contested because plaintiff failed to respond to the motion for summary judgment. Accordingly, the Court accepts defendants' uncontradicted facts.

1    The Pierce County Superior Court convicted plaintiff of three murders and sentenced him
2  to life in prison in 2012 (Dkt. 17, p. 2).  The Pierce County Prosecutor's Office sent the
3  Department of Corrections a letter explaining that plaintiff's victims were potentially "Hilltop
4  Crips" gang members and that plaintiff had connections to the "Compton Crips" (Dkt. 17-1 p.
5  10).  The prosecutor's office suggested out-of-state placement for plaintiff.  The prosecutor's
6  suggestion was based on security considerations.  The last time plaintiff was housed in the state
7  of Washington, "Hilltop Crips" assaulted him (Dkt. 17-1 p. 10).
8    On July 11, 2012, the Department of Corrections received a letter from plaintiff asking
9  that he be allowed to serve his sentence in Nevada (Dkt. 17-1 p. 12).  Defendant Rohrer
10 responded on July 18, 2012, telling plaintiff that she would contact Nevada, but that nothing
11 could move forward until plaintiff had been classified (Dkt. 17-1 p. 14).
12   According to defendant Rohrer, Nevada decided not to house plaintiff based on security
13 concerns (Dkt. 17-1 p. 4 ¶ 9).  The Department of Corrections transferred plaintiff to California
14 on July 12, 2013 (Dkt. 17-1 p. 4 ¶ 9).
15   On March 18, 2014, defendant Rohrer received a letter from plaintiff asking that he be
16 either returned to Washington or transferred to Nevada.  Plaintiff did not mention anything about
17 access to courts or legal material in that correspondence (Dkt. 17-1, pp. 20-22).  Attached to
18 plaintiff's letter was a response to a letter he had sent to California asking that he be returned to
19 Washington.   Again, plaintiff's correspondence did not mention any problem with legal access
20 (Dkt. 17-1 p. 24).
21   In June 2014, plaintiff sent a letter to the Department of Correction's grievance program
22 personnel concerning his out of state placement (Dkt. 17-1 p. 28).  Mr. Caldwell, who is not a
23 named defendant, responded and provided plaintiff with a grievance form (Dkt. 17-1 p. 30).
24

1  Once again, plaintiff did not mention access to courts or trouble getting legal materials in his
2  letter.
3       On July 9, 2014, plaintiff filed a grievance.  On page three of plaintiff's grievance, for the
4  first time, plaintiff raises an issue regarding access to courts and legal materials (Dkt. 17-1 pp.
5  32-34).  On August 22, 2014, John Campbell responded to plaintiff's letter and grievance.  Mr.
6  Campbell failed to respond to the portion of the grievance regarding access to courts.  Mr.
7  Campbell is not a named defendant in this action.
8       Defendant Liza Rohrer became aware of plaintiff's issues when the Court served her with
9  a copy of the complaint on September 2, 2014 (Dkt. 13).  After reviewing plaintiff's
10 correspondence and grievance, defendant Rohrer sent a letter to plaintiff on September 9, 2014
11 and attached a list of attorneys who are on contract to provide legal materials and research to out-
12 of-state inmates (Dkt. 17-1, pp. 42-43).
13      Defendant Rohrer contends that neither defendant Pacholke nor defendant Warner played
14 any role in plaintiff's out-of-state placement (Dkt. 17-1, p. 7 ¶ 20).  The Department of
15 Correction's "correspondence unit" directed letters from plaintiff and the prosecutor's office that
16 were addressed to defendant Pacholke to defendant Rohrer for response (*id.*).

## DISCUSSION

18 Defendants advance two arguments:

19    1.   Whether plaintiff has shown that he suffered an actual injury and, if so,
      whether it was a result of defendants denying plaintiff's access to courts?
20
   2.   Whether defendants Pacholke and Warner should be dismissed for lack of
21       personal participation?

22 (Dkt. 17 p. 7).  Because the undisputed facts demonstrate that no defendant actively participated
23 in plaintiff's alleged inability to access legal information, the Court need not address whether or
24

REPORT AND RECOMMENDATION - 4

not he was actually injured. According to those undisputed facts, no defendant played any part in responding to plaintiff or addressing or failing to address plaintiff's access to court until defendant Rohrer became aware of the issue when she received the complaint on September 2, 2014 (Dkt. 13 and 17-1 p. 5 ¶ 14).  Within seven days, defendant Rohrer authored a letter to plaintiff informing him that there were contract attorneys available to provide him with legal materials or research (Dkt. 17-1 p. 6 ¶ 17).

Under these facts, plaintiff fails to show personal participation by any named defendant in his alleged access to courts violation.  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978).  Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983.  *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how each defendant caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A § 1983 suit cannot be based on vicarious liability alone, but must allege that defendant's own conduct violated plaintiff's civil rights.  *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff fails to show that any named defendant participated in the alleged violation of plaintiff's rights.  The Court recommends granting defendants' motion for summary judgment

1  based on lack of personal participation.  The Court also recommends revoking plaintiff's in
2  forma pauperis status for the purpose of appeal.
3       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
5  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
6  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit
7  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
8  February 27, 2015, as noted in the caption.
9       Dated this 29th day of January, 2015.

J. Richard Creatura
United States Magistrate Judge